**RU CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76219.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Douglas Grant Ingraham, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice Civil, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Ru Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision affirming and adopting an Immigration Judge's order denying her applications for asylum and withholding of removal and protection under the Convention Against Torture

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's decision for substantial evidence, *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the agency's finding that Chen failed to show past persecution. Accepting Chen's testimony as true, we are not compelled to conclude that the tax collector's conduct was extreme or severe enough to constitute persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995).

Substantial evidence also supports the agency's finding that Chen does not have a well-founded fear of future persecution. Chen's documentary evidence does not compel a finding that the Chinese government would not recognize her marriage or would force her to be sterilized. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (stating that where the petitioner has not established past persecution, she must show by credible, direct and specific evidence in the record of facts that she has a well-founded fear of future persecution).

As Chen failed to meet her burden of proof for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**